United States District Court
Middle District of Florida
Jacksonville Division

**BROWNELL W. MELLEN,**

*Plaintiff,*

v.                                                              **NO. 3:13-cv-1233-J-34PDB**

**STATE OF FLORIDA ETC.,**

*Defendants.*

---

# Report & Recommendation

Brownell Mellen, proceeding pro se and in forma pauperis, has filed a second-amended complaint seeking monetary damages against a dozen people and entities involved in his state arrest, prosecution, conviction, and confinement, including the officers, prosecutor, defense counsel, judge, jail, and immigration-detention facility. Doc. 10. Because some of the defendants are entitled to absolute immunity from liability for monetary damages under 42 U.S.C. § 1983, because he otherwise fails to state a federal claim upon which relief may be granted despite two previous opportunities to try to do so, and because exercising jurisdiction over any remaining state claims is unwarranted, I recommend that the Court dismiss his second-amended complaint with prejudice.

## I.  Background

In his original complaint, Mellen alleged that he had been innocent of state crimes charged against him and, from that allegation, asserted various claims against

the people and entities involved before, during, and after his state case. Doc. 1. With

his complaint, he filed an affidavit of indigency and an application to proceed in forma

pauperis. Doc. 4.

I pointed out deficiencies in Mellen's complaint and affidavit of indigency and

gave him an opportunity to remedy them. Doc. 5. With respect to the complaint, I

summarized the requirements of Federal Rule of Civil Procedure 8(a), *Ashcroft v.*

*Iqbal,* 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007), and

explained:

> Mr. Mellen's complaint is not a short and plain statement of a
> claim showing that he is entitled to relief. Instead, it is a five-page,
> single-spaced, rambling diatribe against the apparent prosecutor,
> defense counsel, judge, and jailers involved in his state criminal case.
> While it includes some factual allegations, it contains mostly conclusory
> statements and legal arguments. More problematic, it neither explains
> who all of the defendants are nor connects each defendant to particular
> factual allegations. Even treating it more leniently in light of Mr.
> Mellen's pro-se status, it does not pass muster.

*Id.* at 2.

In response, Mellen timely filed an amended complaint and affidavit as well as

a motion to appoint counsel. Docs. 6–8. The amended complaint quoted Rule 8(a) and

then stated only this:

> FRAUD UPON THE COURT BY ALL DEFENDANT Set, al,
> JUDGE, ADRIAN SOUD, STATE ATTORNEY, JESSICA V.
> TRUDEAU, PUBLIC DEFENDER, OWEN SCHMIDT, ARRESTING
> OFFICERS, R.D. BLACK, #61128, L.L. WHITAKER, #60316,
> APPROVING SUPERVISORS, S.J. AMOS #6930, P.M. CHRISTINE,
> #6607 THAT VIOLATED MY CONSTITUTIONAL RIGHTS CIVIL
> RIGHTS AND HUMAN RIGHTS UNDER THE 42 U.S.C. 1983
> COMPLAINT FILED FALSE .ARREST, FALSE IMPRISONMENT,
> DEFORMATION AND PUNITIVE DAMAGE.

Doc. 6 at 1.

I allowed Mellen to proceed in forma pauperis based on facts in his amended affidavit showing poverty. Doc. 9 at 1–2; *see Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (only thing court must decide on in-forma-pauperis motion is whether affidavit shows poverty). But because his amended complaint still did not pass muster, I stayed service of process and gave him another opportunity to amend it, explaining:

> Consisting of a single page, Mellen's amended complaint is undeniably short and plain, but it remains deficient because it includes only conclusory statements (all of the defendants committed fraud upon the court and falsely arrested and imprisoned him) without specific factual allegations as to each defendant that, accepted as true, state a plausible claim against each defendant. Doc. 6. Given his pro se status and evident good-faith attempt to comply with the December 6 order, the Court will give Mellen one final opportunity to amend his complaint to comply with both Rule 8(a)(2) and the standards in *Iqbal*.

Doc. 9 at 2–3. In the same order, I denied his motion to appoint counsel, ruling that his case is not exceptional in a way that would warrant that discretionary relief. *Id.* at 3–4.

Mellen timely filed the second-amended complaint now before the Court. Doc. 10. It is the same as his original complaint except that it now includes an introductory paragraph asserting his attempt to comply with both Rule 8(a) and 42 U.S.C. § 1983 and a paragraph titled, "memorandum of law," setting forth specific claims against specific defendants. *Compare* Doc. 1 with Doc. 10. Read liberally, it contains the following factual allegations.

In 2010, without investigation or evidence, the State of Florida charged Mellen with attempted kidnapping, battery, and committing a lewd and lascivious act. Doc. 10 at 2. A doctor did not find any evidence that a crime had been committed against the victim, and despite that the victim had provided the prosecutor and defense counsel with a notarized statement that Mellen had not hurt her, the case against him proceeded. *Id.* He was not allowed to present an alibi witness, the judge ignored scientific evidence, and the prosecutor withheld evidence of innocence, fabricated evidence of guilt, and made fraudulent docket entries. *Id.* at 2–3. Neither the prosecutor nor his counsel used a witness list that he had given them nor contacted his doctor to prove that he had been under medical care. *Id.* at 4. He asked for new counsel after his counsel said that he was going to "give" him to the state one way or another, but the judge denied his request. *Id.* at 5. Everyone knew that he was "ignorant of the law[ ]" because he is from a "third world country." *Id.* He "went to trial/plea and was found guilty." *Id.* Without having stated a basis for jurisdiction, the judge adjudicated him guilty, sentenced him to 12 months' imprisonment, and subjected him to deportation. *Id.* at 2, 5. He was confined for 27 months. *Id.* at 5. He filed a Florida Rule of Criminal Procedure 3.850 motion to vacate, set aside, or correct his sentence that has never been decided. *Id.* The jail or immigration-detention center denied him medical treatment for his disabilities, and unnamed others thrice tried to kill him. *Id.* at 4–5.

Based on those factual allegations, Mellen claims that the arresting officers (defendants R.D. Black, P.M. Christie, L.L. Whitaker, and S.J. Amos) violated his

Fourth Amendment right to be free from arrest without probable cause. *Id.* at 5. He claims that the state judge (defendant Adrian Soud) committed fraud by proceeding without specifying his jurisdiction to do so. *Id.* He claims that the state prosecutor (defendant Jessica Trudeau) committed fraud and violated his Fourteenth Amendment right to due process by not signing the complaint and prosecuting him without evidence. *Id.* He claims that the assistant public defender who had represented him (defendant Owen Schmidt) rendered ineffective assistance of counsel by failing to investigate and committed fraud on the court by withholding the fact of his innocence and failing to defend him. *Id.* at 6. And he claims that his jailers (defendants Jacksonville Sheriff's Office, Duval County Jail, and Florida Department of Corrections) or custodian (defendant Krome Service Processing Center[1]) falsely imprisoned him. *Id.* He does not state his basis for suing the only additional defendant—the State of Florida. *See generally id.* Following those specific claims, he states more generally,

> This action constitutes willful and deliberate Constitutional, Civil, and Human Rights violations. Therefore in this action I claim the following: False Imprisonment, Cruel and Unusual Punishment, violations of my 1st, 2ND, 4th, 5th, and 6TH, 7, 8TH, 9 10, 13TH and 14TH CONSITUTIONAL RIGHTS Amendment. Rights under the United States Constitution, including Defamation and Slander, a Bias Crime and Malicious Prosecution.

---

[1]Mellen names as a defendant, "Krome Immigration," Doc. 1 at 6, and describes that defendant as "Krome Immigration Prison Miami Florida," Doc. 10 at 6. From that description, it is evident that he is trying to sue the Krome Service Processing Center, a United States Immigration and Customs Enforcement facility in Miami housing people awaiting removal proceedings or deportation.

*Id.* at 6. He asks for compensatory and punitive damages but not declaratory or injunctive relief. *Id.*

## II.   Standards

### A.   *Pro Se Pleading*

A court must hold a pleading drafted by a pro se litigant to a less stringent standard than one drafted by a lawyer. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Nevertheless, a pro se litigant is expected to follow the procedural rules; "experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *McNeil v. United States*, 508 U.S. 106, 113 (1993). Furthermore, although a court must treat a pro se pleading leniently, the court cannot rewrite a deficient pleading for a party or otherwise serve as his de facto counsel. *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Because Mellen is proceeding pro se, Docs. 1, 6, 10, the less-stringent standard applies.

### B.   *In-Forma-Pauperis Pleading*

If a plaintiff is proceeding in forma pauperis, a court "shall dismiss [his] case at any time" if it is frivolous or malicious, seeks monetary relief against a defendant who is immune from liability for such relief, or otherwise fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). To decide if a pro se, in-forma-pauperis complaint fails to state a claim on which relief may be granted, a court must construe the complaint liberally, accept its factual allegations as true, and

apply the Federal Rule of Civil Procedure 12(b)(6) standards. *Alba v. Montford,* 517 F.3d 1249, 1252 (11th Cir. 2008). To survive a Rule 12(b)(6) dismissal, a complaint must allege facts, accepted as true, that state a claim "that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). That plausibility standard asks for less than a probability but "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Furthermore, that a court must accept a complaint's factual allegations as true does not apply to legal conclusions. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Because Mellen is proceeding in forma pauperis, Doc. 9, the Court must dismiss all of his claims that are frivolous or malicious, seek monetary relief against a defendant who is immune from liability for such relief, or fail to state a claim upon which relief may be granted.

## C.   *Amendment*

Under Federal Rule of Civil Procedure 15(a), a court should freely allow a plaintiff to amend his complaint if justice so requires. Thus, a Court must provide a pro se plaintiff with at least one chance to amend before dismissing his complaint with prejudice for failure to state a claim upon which relief may be granted unless it appears beyond a doubt that he cannot prove any set of facts to support his claim that would entitle him to relief. *Bank v. Pitt,* 928 F.2d 1108, 1111–12 (11th Cir. 1991), *overruled only as to represented litigant by Wagner v. Daewoo Heavy Indus. Am. Corp.,* 314 F.3d 541, 542 (11th Cir. 2002). Reasons for denying leave include "repeated failure to cure deficiencies by amendments previously allowed" and futility. *Foman*

*v. Davis*, 371 U.S. 178, 182 (1962). Because Mellen has already had two chances to amend his complaint, Docs. 5, 9, and for the reasons stated below, with-prejudice dismissal is appropriate.

## III.  Law & Analysis

### A.  *Preliminary Matters*

*1.  Judicial Notice*

To render a decision based on the actual facts, judicial notice of the proceedings and disposition of Mellen's underlying criminal case that are unclear from his second-amended complaint is warranted. The docket sheet of that case, *State v. Mellen*, No. 16-2009-CF-014072-AXXX-MA, is publicly available on the Duval County Clerk of Courts' website, https://core.duvalclerk.com, and is attached to this report and recommendation. Furthermore, to decide an issue of absolute judicial immunity, judicial notice that Judge Soud is a Circuit Judge for Florida's Fourth Judicial Circuit is likewise warranted.

At any stage of a case and on its own, a court may take judicial notice of a fact that cannot be reasonably disputed because it either is generally known or can be readily and accurately determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b)–(d). If a court takes judicial notice of a fact before notifying a party, the party still may be heard upon request. Fed. R. Evid. 201(e). Objections to a magistrate judge's report and recommendation provide an opportunity to be heard. *Amadasu v. The Christ Hosp.*, 514 F.3d 504, 508 (6th Cir. 2008).

In ruling on a motion to dismiss, a court may judicially notice a state-court proceeding or disposition. *See Crenshaw v. City of Defuniak Springs*, No. 3:13-cv-50/MCR/EMT, 2014 WL 667689, at *3 n.1 (N.D. Fla. Feb. 20, 2014) (unpublished) (citing cases); *see also Boyd v. Georgia*, 512 F. App'x 915, 917 (11th Cir. 2013) (court properly judicially noticed on its own the online record of related state-court criminal proceeding as basis for dismissing plaintiff's civil rights complaint).

It is unclear from Mellen's second-amended complaint whether he pleaded guilty or went to trial and whether he was found guilty of one or more of the charged crimes. Doc. 10 at 5. According to the docket sheet, the state arrested him for misdemeanor battery, in violation of Fla. Stat. § 784.03(1)(b), and felony lewd and lascivious molestation, in violation of Fla. Stat. § 800.04(5)(c)(2). *See* entries 1−3. The state later added a charge for felony attempted kidnapping, in violation of Fla. Stat. §§ 777.04(1) and 787.01(1)(a). *See* entries 56−58. He pleaded guilty to the attempted-kidnapping charge, and, upon his plea, the state nol prossed the battery and lewd-molestation charges. *See* entries 125, 142, 143. Judge Soud sentenced him to serve 12 months in county jail and committed him there in August 2010. *See* entries 127, 149, 150. He filed a motion for post-conviction relief under Fla. R. Crim. P. 3.850 in August 2011, *see* entry 152, that remains pending.

Judicial notice of those proceedings and that disposition is appropriate because they are readily and accurately determined from the docket sheet, and its accuracy cannot reasonably be questioned. Judicial notice that Judge Soud is a Circuit Judge for Florida's Fourth Judicial Circuit is appropriate because it is generally known.

2.      *Rooker-Feldman Doctrine*

Under the *Rooker-Feldman* doctrine, a federal district court lacks subject-matter jurisdiction to directly or indirectly review an unfavorable state-court judgment. *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). But the doctrine is narrow; it applies only to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

The *Rooker-Feldman* doctrine does not apply if the plaintiff is seeking damages for a state court's alleged constitutional deprivations, *Drees v. Ferguson*, 396 F. App'x 656, 658 (11th Cir. 2010) (citing *Sibley v. Lando*, 437 F.3d 1067, 1070−71 & n.3 (11th Cir. 2005), and *Staley v. Ledbetter*, 837 F.2d 1016, 1017−18 (11th Cir. 1988)), or if the state proceedings had not ended when the plaintiff filed his federal complaint, *Nicholson v. Shafe*, 558 F.3d 1266, 1275−76 (11th Cir. 2009), such as when state post-conviction proceedings remain pending when the plaintiff filed his federal complaint, *Esensoy v. McMillan*, No. 06-12580, 2007 WL 257342, at *1 (11th Cir. Jan. 31, 2007) (unpublished); *Robinson v. Criminal Court Clerk, Davidson Cnty., Tenn.*, No. 97-6189, 1999 WL 282697, at *1 (6th Cir. Apr. 26, 1999) (unpublished).

The *Rooker-Feldman* doctrine does not apply to render the Court without subject-matter jurisdiction because Mellen is seeking only damages for alleged

constitutional deprivations by the state court and others, and, further, because his Rule 3.850 motion remains pending in state court.

3.    *Younger Abstention*

"In the main, federal courts are obliged to decide cases within the scope of federal jurisdiction." *Sprint Commc'ns, Inc. v. Jacobs,* 134 S. Ct. 584, 588 (2013). But in *Younger v. Harris,* the Supreme Court held that a federal court should decline to enjoin a state criminal prosecution absent bad faith, harassment, or a patently invalid state statute. 401 U.S. 37, 53–54 (1971). The Eleventh Circuit has extended *Younger* to § 1983 cases seeking damages, *Doby v. Strength,* 758 F.2d 1405, 1406 (11th Cir. 1985), with the proper course of action being to stay the federal case rather than to dismiss it, *Nimer v. Litchfield Twp. Bd. of Trustees,* 707 F.3d 699, 702 (6th Cir. 2013); *D.L. v. Unified Sch. Dist. No. 497,* 392 F.3d 1223, 1228 (10th Cir. 2004); *Simpson v. Rowan,* 73 F.3d 134, 137–39 (7th Cir. 1995).

*Younger* likely applies because Mellen's allegations of damages from an illegal arrest and a criminal case fraught with procedural and substantive due-process violations involve constitutional claims that might be litigated in his state Rule 3.850 proceeding. *See, e.g., Gakuba v. O'Brien,* 711 F.3d 751, 753 (7th Cir. 2013) (court should have applied *Younger* to stay § 1983 case seeking damages against police officers and state prosecutors who participated in investigation that led to pending charges against him); *see also* Fla. R. Crim. P. 3.850 (grounds for motion include that judgment entered in violation of federal or state law). But before abstaining under *Younger*, a court may decide preliminary issues such as immunity from suit and other

11

procedural bars that warrant with-prejudice dismissals. *See, e.g., Redner v. Citrus Cnty.*, 919 F.2d 646, 648 n.3 (11th Cir. 1990). In the interest of judicial efficiency, that course of action is warranted here.

## B.   Bases for Dismissal

### 1.   *42 U.S.C. § 1983 Claims*

42 U.S.C. § 1983 provides a federal cause of action against any person who, acting under color of state law, deprives a person of a federal right. *Conn v. Gabbert,* 526 U.S. 286, 290 (1999). A plaintiff must offer more than conclusory and vague allegations to state a § 1983 claim. *L.S.T., Inc. v. Crow,* 49 F.3d 679, 684 (11th Cir. 1995). Liberally construing his second-amended complaint, Mellen asserts § 1983 claims for compensatory and punitive damages against the arresting officers for violations of his Fourth Amendment right to be free from arrest without probable cause; the state prosecutor, assistant public defender, and judge for violations of his Fourteenth Amendment right to due process of law; the jail or immigration-detention facility for violations of his Eighth Amendment right to be free from cruel and unusual punishment; and the State of Florida for all of those violations. *See generally* Doc. 10. For reasons that vary depending on the person or entity sued, dismissal of Mellen's § 1983 claims is warranted.

### a.   The State of Florida and the Florida Department of Corrections

Neither a state nor a state agency is a "person" subject to § 1983 liability for damages. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989); *Edwards v. Wallace Cmty. Coll.,* 49 F.3d 1517, 1524 (11th Cir. 1995). Furthermore, both the State

of Florida and its agencies are absolutely immune from § 1983 liability for damages. *Schopler v. Bliss*, 903 F.2d 1373, 1378 (11th Cir. 1990); *Gamble v. Fla. Dep't of Health & Rehab. Servs.*, 779 F.2d 1509, 1511 (11th Cir. 1986). The Florida Department of Corrections is an agency of the State of Florida. Fla. Const. Art. 4 § 6; Fla. Stat. §§ 20.04 & 20.315. Thus, neither the State of Florida nor the Florida Department of Corrections is a "person" subject to § 1983 liability for damages, and both it and the Florida Department of Corrections are absolutely immune from § 1983 liability for damages. Accordingly, dismissal of those claims is warranted. *See* 28 U.S.C. § 1915(e)(2)(B)(iii) (court "shall" dismiss claim at any time it determines that claim seeks monetary relief against defendant immune from such relief).

b.   <u>The Duval County Jail</u>

Whether a party has the capacity to be sued is determined by the law of the state in which the district court sits. *Dean v. Barber*, 951 F.2d 1210, 1214–15 (11th Cir. 1992). "Florida law has not established Sheriff's offices as separate legal entities with the capacity to be sued." *Faulkner v. Monroe Cnty. Sheriff's Dep't*, 523 F. App'x 696, 701 (11th Cir. 2013). Thus, a district court does not err in dismissing a claim against a Florida sheriff's office. *Id.* Likewise, "Florida law does not recognize a jail facility as a legal entity separate and apart from the county or sheriff." *Thompson v. Bliss*, No. 8:11-cv-839-T-30TBM, 2011 WL 4975548, at *3 (M.D. Fla. Oct. 19, 2011) (unpublished). Because the Duval County Jail is not an entity with the capacity to be sued, Mellen fails to state a § 1983 claim upon which relief may be granted against it. Thus, dismissal of that claim is warranted. *See* 28 U.S.C. § 1915(e)(2)(B)(i) & (ii)

(court "shall" dismiss claim at any time it determines that claim is frivolous or plaintiff fails to state claim upon which relief may be granted).

If a pro se plaintiff names the wrong entity as a defendant in a § 1983 case—such as a county jail instead of the county itself—the court should consider allowing him to amend his complaint to change the defendant. *Wright v. El Paso Cnty. Jail, 642 F.2d 134, 136* n.3 (5th Cir. Apr. 8, 1981). Municipalities and other discrete political subdivisions that are sufficiently independent from the state may serve as a "person" subject to § 1983 liability. *Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 690 (1978)*; *GeorgiaCarry.Org., Inc. v. Georgia, 687 F.3d 1244, 1254* n.17 (11th Cir. 2012). And they are not necessarily immune from § 1983 liability. *Abusaid v. Hillsborough Cnty. Bd. of Cnty. Comm'rs, 405 F.3d 1298, 1314*–15 (11th Cir. 2005). But to face § 1983 liability, they must have and enforce a policy that infringes on a federal right, *GeorgiaCarry.Org, 687 F.3d at 1254* n.17. Because Mellen has not alleged any such policy, *see generally* Doc. 10, allowing him to add as defendants the City of Jacksonville, Duval County, or the Jacksonville Sheriff in his official capacity is unwarranted.[2] *See Bank, 928 F.2d at 1111*–12 (court is not required to allow amendment if it appears beyond doubt plaintiff cannot prove any set of facts to support his claim that would entitle him to relief).

---

[2] Suing a sheriff in his official capacity is another way of suing the entity for which he works and generally should be treated as a suit against the entity. *Kentucky v. Graham, 473 U.S. 159, 165 (1985)*.

c.    The Assistant Public Defender

A public defender does not act under color of state law within the meaning of § 1983 when he performs "a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson,* 454 U.S. 312, 324–25 (1981). Because Mellen's allegations concerning the assistant public defender who represented him in the criminal case are based on such activities (he failed to investigate the charges, failed to defend him, did not contact his doctor to prove that he had been under medical care, did not use the exhibit list he had given him, and withheld the fact of his innocence, Doc. 10 at 6), Mellen fails to state a § 1983 claim upon which relief may be granted against him. Thus, dismissal of that claim is warranted.[3] *See* 28 U.S.C. § 1915(e)(2)(B)(i) & (ii) (court "shall" dismiss claim at any time it determines that claim is frivolous or plaintiff fails to state claim upon which relief may be granted).

d.    The State Prosecutor

A state prosecutor is absolutely immune from § 1983 liability for damages for initiating a prosecution and presenting the state's case. *Imbler v. Pachtman,* 424 U.S. 409, 431 (1976); *see, e.g., Henzel v. Gerstein,* 608 F.2d 654, 657 (5th Cir. 1979) (absolute immunity for prosecutor in § 1983 case alleging that he filed charges without jurisdiction, offered perjured testimony, and suppressed exculpatory evidence). Mellen's allegations concerning the state prosecutor are based on such

---

[3]While a private actor may be liable under § 1983 if he colludes with a state actor to deprive someone of his federal rights, *Wyatt v. Cole,* 504 U.S. 158, 161–62 (1992), under Federal Rule of Civil Procedure 9(b), Mellen has not alleged sufficient facts to state a plausible collusion-based claim against the assistant public defender. *See generally* Doc. 10.

activities (she proceeded with the prosecution despite the victim's notarized statement that Mellen had not harmed her, did not sign the complaint, did not contact his doctor to prove that he had been under medical care, did not use the exhibit list he had given her, withheld evidence of innocence, fabricated evidence of guilt, and made fraudulent docket entries, Doc. 10 at 2–3, 5). Thus, she is absolutely immune from § 1983 liability for damages, and dismissal of that claim is warranted. *See* 28 U.S.C. § 1915(e)(2)(B)(iii) (court "shall" dismiss claim at any time it determines that claim seeks monetary relief against defendant immune from such relief).

e.    The State Judge

A state judge is absolutely immune from § 1983 liability for damages for an act taken in his judicial role provided that such acts are not done in the clear absence of all jurisdiction. *Pierson v. Ray,* 386 U.S. 547, 553–55 (1967). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman,* 435 U.S. 349, 356–57 (1978). Mellen's allegations concerning the state judge are based on that type of act (he never stated the basis for his jurisdiction, Doc. 10 at 5). Thus, he is absolutely immune from § 1983 liability for damages, and dismissal of that claim with prejudice is warranted. *See* 28 U.S.C. § 1915(e)(2)(B)(iii) (court "shall" dismiss claim at any time it determines that claim seeks monetary relief against defendant immune from such relief).

A court should dismiss as frivolous a claim that is based on a legal theory that is indisputably meritless. *Neitzke v. Williams,* 490 U.S. 319, 327 (1989). To the extent Mellen claims that the judge acted in the clear absence of all jurisdiction, that claim

is frivolous. A Florida Circuit Court has jurisdiction over all felonies. Fla. Stat. § 26.012(2)(d). As a Circuit Judge, Judge Soud had jurisdiction over the criminal case against Mellen because it involved felony charges of attempted kidnapping and lewd and lascivious molestation. *See generally* Doc. 10; *see also* attached docket sheet showing charges of violating Fla. Stat. § 777.04(1) (attempt), § 787.01(1)(a) (kidnapping), & § 800.04(5)(c)(2) (lewd and lascivious molestation). Because any claim by Mellen that the judge acted in the clear absence of all jurisdiction is frivolous, dismissal of that claim with prejudice is warranted. *See* 28 U.S.C. § 1915(e)(2)(B)(i) (court "shall" dismiss claim at any time it determines that claim is frivolous).

f.   <u>The Arresting Officers</u>

A police officer acting with authority possessed by virtue of his position may be a person acting under color of state law within the meaning of § 1983, *Butler v. Sheriff of Palm Beach Cnty.*, 685 F.3d 1261, 1265–66 (11th Cir. 2012), and is entitled to immunity only when he performs a discretionary act that does not violate a clearly established right, *Skop v. City of Atlanta*, 485 F.3d 1130, 1136−37 (11th Cir. 2007). But in *Heck v. Humphrey*, the Supreme Court held that a plaintiff cannot bring a § 1983 claim for damages if judgment in his favor necessarily would imply the invalidity of a state conviction unless he shows that the conviction had been reversed,

expunged, declared invalid, or questioned by a federal court's issuance of a writ of habeas corpus. 512 U.S. 477, 486−87 (1994).[4]

*Heck* does not necessarily bar a § 1983 claim alleging an illegal arrest because an illegal arrest may be followed by a valid conviction. *Hughes v. Lott*, 350 F.3d 1157, 1160−61 (11th Cir. 2003). But if the factual basis for the plaintiff's § 1983 claim inevitably undermines his conviction, dismissal based on *Heck* is warranted. *Towbridge v. Tacker*, 488 F. App'x 402, 404–05 (11th Cir. 2012); *Vickers v. Donahue*, 137 F. App'x 285, 289–90 (11th Cir. 2005). Thus, for example, dismissal based on *Heck* is warranted if the plaintiff challenges his role in the offense conduct that led to his arrest and conviction as opposed to the procedure by which his arrest was effectuated. *Towbridge*, 488 F. App'x at 404−05.

The factual basis for Mellen's claims against the arresting officers is that they arrested an innocent man—not that they used illegal procedures or excessive force against him in effectuating his arrest. *See generally* Doc. 10. According to him, he "never committed a crime on anyone." *Id.* at 4. Because the factual basis for Mellen's § 1983 claims against the arresting officers (they arrested an innocent man) would

---

[4]Courts have struggled with whether *Heck* applies to cases in which habeas review is unavailable to the plaintiff because, for example, he is no longer in custody. *See Barnes v. City of Dothan*, 842 F. Supp. 2d 1332, 1336–38 (M.D. Ala. 2012) (discussing circuit split). That issue is not present here because Mellen's Rule 3.850 motion remains pending. *See* attached docket at entry 152. He may be entitled to relief on that motion regardless of whether he is incarcerated now or was incarcerated when he filed it. *See Wood v. State*, 750 So. 2d 592, 595 (Fla. 1999) (eliminating requirement that defendant must be in custody to file Rule 3.850 motion); *Turner v. State*, 120 So.3d 187, 188–89 (Fla. 2d DCA 2013) (explaining that *Wood* "expressly held that both custodial and noncustodial movants may rely on and be governed by" Rule 3.850).

inevitably undermine his attempted-kidnapping conviction (he is a guilty man), *Heck* bars his § 1983 claims against them.[5] But even if the Court disagrees, Mellen's § 1983 claims against the arresting officers still fail because, without any elaborating factual allegations, he has not satisfied the *Iqbal-Twombly* plausibility standard. Thus, for either independent reason, dismissal of those claims is warranted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) (court "shall" dismiss claim at any time it determines that plaintiff fails to state claim upon which relief may be granted).

---

[5]*Heck* also bars Mellen's claims against the prosecutor and judge. To protect an absolutely immune defendant from future suit on the same facts, a court should decide an absolute-immunity issue before dismissal based on *Heck*. *See Abella v. Rubino*, 63 F.3d 1063, 1065 n.3 (11th Cir. 1995). Because the judge and prosecutor are absolutely immune from § 1983 liability, dismissal against them on that preliminary basis is warranted.

That the state nol prossed the battery and lewd-molestation charges against Mellen when he pleaded guilty to the attempted-kidnapping charge does not change that *Heck* applies. Under *Heck*, the question is not whether a charge had not been pursued but whether a favorable § 1983 judgment would necessarily imply the invalidity of a conviction on a remaining charge. *Esquibel v. Williamson*, 421 F. App'x 813, 817 (10th Cir. 2010); *see Baker v. City of Hollywood*, 391 F. App'x 819, 821 (11th Cir. 2010) (*Heck* dismissal appropriate in § 1983 case alleging that defendants had conspired to falsify evidence used to convict him, failed to provide him effective assistance of counsel, offered perjured testimony in depositions, and improperly prosecuted him despite awareness of exculpatory evidence; "Although Baker was acquitted on certain charges, success on his conspiracy claim necessarily would impugn the validity of his conviction for battery on a law enforcement officer because his claims allege that defendants' unconstitutional acts caused him to be convicted of that charge. And Baker's battery charge has not been invalidated; so his conspiracy claim is not cognizable under § 1983."). Although the state nol-prossed the battery and lewd-molestation charges in an apparent plea deal, Mellen has not tried to confine his allegations to those charges. *See generally* Doc. 10. Instead, his allegations against the officers are that they arrested an innocent man. *See generally id.* A favorable § 1983 judgment in this case, therefore, would necessarily imply the invalidity of his attempted-kidnapping conviction regardless of the nol-pros disposition of the other charges.

The "preferred order of dismissal in *Heck* cases decrees, 'Plaintiff[']s claims are dismissed with prejudice to their being asserted again until the *Heck* conditions are met.'" *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 657 (5th Cir. 2007); *accord Moore v. Mahone*, 652 F.3d 722, 725−26 (7th Cir. 2011); *Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996); *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995); *see also Abella v. Rubino*, 63 F.3d 1063, 1065 n.3 (11th Cir. 1995) (noting that plaintiff could bring claims again if he satisfied the *Heck* conditions). In light of the independent basis for dismissal with prejudice, dismissal without prejudice is not warranted.

g.   Krome Service Processing Center

The Krome Service Processing Center is run by United States Immigration and Customs Enforcement (ICE), an arm of the United States Department of Homeland Security (DHS). Like the Jacksonville Sheriff's Office or the Duval County Jail, the Krome Service Processing Center is not an entity with the capacity to be sued. For that reason, Mellen fails to state § 1983 claims upon which relief may be granted against it. Thus, dismissal of those claims with prejudice is warranted. *See* 28 U.S.C. § 1915(e)(2)(B)(i) & (ii) (court "shall" dismiss claim at any time it determines that claim is frivolous or plaintiff fails to state claim upon which relief may be granted).

As stated above, if a pro se plaintiff names the wrong entity as a defendant in a § 1983 case, the court should consider allowing him to amend his complaint to change the defendant. *Wright*, 642 F.2d at 136 n.3. The United States may not be sued without its consent, and that immunity extends to federal agencies.

*de Empleados del Area Canalera v. Panama Canal Comm'n,* 453 F.3d 1309, 1315 (11th Cir. 2006). A federal official may be sued in his individual capacity for a violation of his constitutional rights, *Bivens v. Six Unknown Named Agents,* 403 U.S. 388, 397 (1971), but a federal officer in his official capacity or federal agency may not, *Corr. Servs. Corp. v. Malesko,* 534 U.S. 61, 71 (2001). Under the Federal Tort Claims Act, the United States waives its immunity for negligent or wrongful acts by its employees in the scope of their duties, 28 U.S.C. § 1346(b), but not constitutional claims, *FDIC v. Meyer,* 510 U.S. 471, 477–80 (1994), or claims based on discretionary functions, *Nguyen v. United States,* 556 F.3d 1244, 1250–51 (11th Cir. 2009). Because Mellen has neither alleged any theory of tort liability nor identified any specific tortious acts concerning his apparent immigration-related detention, *see generally* Doc. 10, allowing him to add defendants associated with the Krome Service Processing Center is unwarranted.

2.    *Other Claims*

Although Mellen cites only § 1983 and various constitutional amendments, his second-amended complaint can be read liberally to include several state common-law claims. *See generally* Doc. 10. He claims that the judge committed fraud by proceeding without jurisdiction. *Id.* at 5. He claims the assistant public defender rendered ineffective assistance of counsel by failing to investigate the charged crimes and committed fraud on the court by failing to defend him. *Id.* at 6. He claims that the prosecutor committed fraud by making fraudulent entries in the docket. *Id.* at 2–3. He claims the state judge, assistant state attorney, and assistant public defender

defamed him. *Id.* at 4–6. He claims that the arresting police officers arrested him without probable cause. *Id.* at 5. And he claims that the jail or the immigration-detention facility (it is unclear which) falsely imprisoned him and denied him medical treatment. *Id.* at 4, 6.

A district court "may decline to exercise supplemental jurisdiction over a claim" after the court has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). To avoid needless decisions of state law, if a district court dismisses federal claims before trial, it should dismiss the state claims as well. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *accord Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088–89 (11th Cir. 2004). Because Mellen's § 1983 claims are due to be dismissed and no diversity jurisdiction is alleged or apparent, dismissal of his state claims is warranted.[6]

---

[6]If the Court disagrees, dismissal of many of the state-law claims is warranted on other independent grounds. As to the state prosecutor and judge, they are absolutely immune from state tort liability for damages for the same reasons that they are absolutely immune from § 1983 liability for damages. *See Sibley v. Lando*, 437 F.3d 1067, 1072 (11th Cir. 2005) ("Florida courts have adopted a doctrine of absolute judicial immunity and have equated it to the federal doctrine …. Thus, as in the federal system, judges are immune from suit for judicial acts unless they clearly act without jurisdiction.") (internal quotation marks and citations omitted); *Office of State Attorney, Fourth Judicial Circuit of Fla. v. Parrotino*, 628 So.2d 1097, 1098–99 (Fla. 1993) (prosecutor enjoys absolute immunity from damages for acts within scope of prosecutorial duties).

As to Mellen's fraud claims against the assistant public defender (as well as the state prosecutor and judge), under Federal Rule of Civil Procedure 9(b), a party alleging fraud must state with particularity the circumstances constituting fraud. If a more carefully drafted complaint cannot state a fraud claim that satisfies Rule 9(b), a court should dismiss the claim with prejudice. *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1213 (11th Cir. 2001). Despite several opportunities, Mellen has failed to

3.      *In-Forma-Pauperis Appeal*

A party who had been permitted to proceed in forma pauperis in the district court may proceed in forma pauperis on appeal without further authorization unless

---

allege sufficiently particular facts supporting his claim that the assistant public defender committed actionable fraud against him.

As to Mellen's defamation claims against the assistant public defender (as well as the prosecutor and judge), Florida applies an absolute privilege to statements made before a judicial officer or in pleadings or documents filed with the court. *DelMonico v. Traynor*, 116 So.3d 1205, 1212–14 (Fla. 2013); *Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole*, 950 So.2d 380, 383–84 (Fla. 2007). To the extent that Mellen's defamation claims are based on statements made before the state judge or in pleadings or documents filed with the court, they cannot form bases for a defamation claim.

As to Mellen's malpractice claim against the assistant public defender, a plaintiff must obtain appellate or post-conviction relief as a precondition to bringing a malpractice action arising from a criminal case. *Steele v. Kehoe*, 747 So.2d 931, 933 (Fla. 1999). Because Mellen's Rule 3.850 motion remains pending, he has not satisfied that precondition such that, at a minimum, a stay would be warranted pending the conclusion of that proceeding if dismissal was not otherwise warranted.

As to Mellen's denial-of-medical-treatment and false-imprisonment claims against the Duval County Jail or Jacksonville Sheriff's Office, as stated above, they are not legal entities with the capacity to be sued. *See Faulkner,* 523 F. App'x at 701 (Florida sheriff's office); *Thompson,* 2011 WL 4975548, at *3 (jail facility). Furthermore, even if he were permitted to amend to name the correct entity, without any elaborating factual allegations, he has not satisfied *Iqbal-Twombly* plausibility standard for any denial-of-medical-treatment or false-imprisonment claim. *See generally* Doc. 10.

As to the arresting officers, under Fla. Stat. § 768.28(9)(a), an employee of the state or any of its subdivisions cannot be held personally liable for torts committed within the scope of his employment unless he "acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." Absent such an allegation, the proper party is the employing governmental entity or constitutional officer. *Id.* Because Mellen does not allege that the arresting officers acted in bad faith, he fails to state a tort claim against them upon which relief may be granted.

the district court—before or after a notice of appeal is filed—certifies that the appeal is not taken in good faith and states in writing its reasons for the certification. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A). A party demonstrates good faith by seeking appellate review of an issue that is not objectively frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Busch v. Cnty. of Volusia*, 189 F.R.D. 687, 691 (M.D. Fla.1999). An issue is frivolous if it is without arguable merit either in law or fact. *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002). "Arguable" means "capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (internal quotation marks omitted). If a claim is arguable but will be unsuccessful, it should be allowed to proceed. *Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 515 (11th Cir. 1991).

Because the law is established on the *Iqbal-Twombly* plausibility standard, absolute immunity from liability for § 1983 claims, and discretion to decline to exercise jurisdiction over state-law claims after dismissal of all federal claims, and all of that established law has clear application to Mellen's second-amended complaint, any appeal by him will not be taken in good faith; i.e., will not present an issue that has arguable merit in either law or fact. Accordingly, a certification that any appeal will not be taken in good faith and this written reason for that certification is warranted.

## IV.   Conclusion

Thus, I recommend that the Court

1.  **dismiss with prejudice** all of Mellen's § 1983 claims against all of the defendants, Doc. 10;

24

2. **dismiss** Mellen's arguably asserted state-law claims **without prejudice** to any right that he has to bring those claims in state court;

3. **direct** the clerk to close the case; and

4. **certify** under 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3)(A) that any appeal from the order is not taken in good faith because the law is established on the *Iqbal-Twombly* plausibility standard, on absolute immunity from liability for § 1983 claims, and on the Court's discretion to decline to exercise jurisdiction over state-law claims after dismissal of all federal claims, and all of that established law has clear application to Mellen's second-amended complaint.[7]

**Entered** in Jacksonville, Florida, on August 25, 2014.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

Attachment

Copy to:

The Honorable Marcia Morales Howard

Brownell Mellen
6613 Shady Oak Drive
Jacksonville, FL 32277

---

[7]Mellen may file and serve specific written objections to this report and recommendation, including any objections to the judicial-notice recommendation and in-forma-pauperis-appeal-certification, within 14 days of service. *See* Fed. R. Civ. P. 72(b)(2); Local Rule 6.02(a). Failure to do so may alter the scope of direct and appellate review. *See* Fed. R. Civ. P. 72(b)(3); *Dupree v. Warden*, 715 F.3d 1295, 1300 (11th Cir. 2013). He should be aware that this report and recommendation is not an appealable order and that any notice of appeal under Federal Rule of Appellate Procedure 4(a)(1) should not be filed until after the district court's entry of judgment.